# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD COX,** | ) | |
| Movant, | ) | |
| v. | ) | **2:11-cr-295-JHH-HGD** |
| | | **2:12-cv-8053-JHH** |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION and ORDER

The court has before it Charles Edward Cox's Motion (Doc. #1) to Vacate Set, Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on December 5, 2012, and his Supplemental Motion (Doc. #2) pursuant to § 2255, filed on December 6, 2012. Pursuant to the court's December 12, 2012 order (Doc. # 3), the United States Government filed a response (Doc. #5) to Cox's Motion (Doc. #1) to Vacate and Supplemental Motion (Doc. #2) to Vacate. In its response, the Government seeks to have the Motions (Docs. #1, 2) to Vacate dismissed in their entirety, or in alternative for summary judgment.[1] Pursuant to the court's January 15, 2013 order (Doc. #6), Cox filed an affidavit (Doc. #7) in support of his Motion on January 30, 2013.

---

[1] Two days before the Government filed its response, Movant filed another Supplemental Motion (Doc. #4) to Vacate. The court allowed the Government an opportunity to supplement its response, but it did not do so.

## I. Background

On July 26, 2011, a federal grand jury returned a one-count indictment against Cox, charging him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. #1 in Case No. 2:11-cr-295-JHH-HGD.) The parties filed a written Plea Agreement on September 29, 2011. (Id. # 13.) The plea agreement contained a "waiver of right to appeal and post conviction relief" provision.

On September 29, 2011, the court held a change of plea hearing where Cox entered a plea of guilty as to the single count in the indictment, and on January 10, 2012, Cox was sentenced to 42 months of imprisonment. (Id. # 18.) On January 21, 2012, Cox timely filed a motion to appeal the judgment. (Id. # 19.) On October 22, 2012, the Eleventh Circuit Court of Appeals issued a mandate with an unpublished opinion affirming the judgment of the court. (Id. # 27.)

Before the mandate issued, on October 15, 2012, Cox filed a motion to void the judgment. (Id. # 26.) On December 5, 2013, the court issued an order stating that his motion would be considered as a Motion to Vacate filed under 28 U.S.C. § 2255, and allowed Cox thirty days to amend his motion. (Id. # 28.) On December 5, 2013, Cox amended and re-filed his Motion as one under § 2255. (Id. # 29; Doc. #1 in instant action.) Cox's Motion (Doc. #1) to Vacate seeks relief on one ground - actual innocence of the crime of being a felon in possession because the firearm he

2

possessed was manufactured in Alabama.

## II. Discussion

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

The Government makes four arguments as to why the § 2255 Motion should be dismissed. First, the Government contends that Cox waived his right to file a petition under § 2255 in his plea agreement. (Doc. # 5 at 6-10.) Second, the Government argues that Cox has not presented a cognizable claim under § 2255. (Id. at 10-11.) Third, the Government contends that Cox's claim is procedurally defaulted because he did not raise the issue on direct appeal. (Id. at 11-14.) Finally, the Government argues that his claim is without merit. (Id. at 14-15.) The court addresses each argument in turn.

### A. Appeal Waiver

An appeal waiver is enforceable if the waiver is made knowingly and voluntarily. United States v. Rubbo, 396 F.3d 1330, 1331 (11th Cir. 2005); United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Appeal waivers extend to collateral attacks. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). To establish the validity of an appeal waiver, the United States must show either (1) that the district court specifically questioned the defendant about the plea waiver during the plea colloquy; or (2) that it is manifestly clear from the record that the defendant fully understood the significance of the waiver. Id. at 1341; Under States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

In his Plea Agreement, Cox expressly waived his right to appeal his conviction and sentence. (Doc. #13 in Case No. 2:11-cr-295-JHH-HGD.) The written waiver also expressly included "a motion brought under § 2255." (Id.) The plain language of the appeal waiver, which Cox admitted, under oath, to discussing with his attorney, informed Cox that he was waiving his right to collaterally attack his conviction and sentence. (Id. # 23 at 6.) Moreover, the waiver provision in the plea agreement contains an internal signature provision that Cox signed directly below the appeal waiver provision. (Id. #13.) Additionally, during his change of plea hearing, the court specifically referenced the waiver of Cox's right to appeal. (id. # 23 at 6) and

4

the court later determined that Cox knowingly and voluntarily entered into the plea agreement. (Id. #23 at 13-14.)

On this basis alone, Cox's § 2255 motion is subject to dismissal. Out of an abundance of caution, however, the court will continue with the analysis and arguments presented by the Government. Even if the appeal waiver was somehow invalid (which it was not), Cox's Motion remains subject to dismissal.

### B. Cognizable Claim

In his § 2255 Motion to Vacate, Cox argues that the Government made misrepresentations in his Plea Agreement and to the court regarding the gun in question. Specifically, Cox contends that the government stated in The Rule 11 hearing that the gun was not manufactured in Alabama, and that his Plea Agreement reflects the same. Cox argues, however, that the firearm was manufactured in Alabama, and that it did not travel through interstate commerce, as required by § 922(g)(1).

The threshold inquiry the court must address is whether Cox's claim that the firearm did not travel through interstate commerce is cognizable under § 2255. Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998). Courts have consistently held that a § 2255 motion is not a substitute for a direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)

(collecting cases). Instead, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (quoting United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)). Thus, non-constitutional claims can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure. " Reed v. Farley, 512 U.S. 339, 348, 114 S.Ct. 2291, 2297, 129 L.Ed.2d 277 (1994) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)) (alteration in original).

Cox's challenge here is essentially one of sufficiency of the evidence. He contends that the Government did not establish one of the elements of the crime for which he pled guilty. Such a claim is not cognizable on a collateral motion under § 2255. United States v. Forrester, 456 F.2d 905, 905 (11th Cir. 1972) ("This contention questions only the sufficiency of the evidence to sustain Forrester's conviction, and is not a contention cognizable on a collateral motion under § 2255."); Enzor v. United States, 296 F.2d 62, 63 (5th Cir.1961) ("The sufficiency of the evidence was a question which could and should have been raised on the original

appeal."). Because an evidentiary sufficiency challenge is not cognizable on a motion to vacate under § 2255, Cox's argument offers no basis for relief.

Even if the court were to accept Cox's characterization of his claim as a constitutional claim and cognizable in a § 2255 motion, the motion would still be subject to dismissal under the procedural default rule.

### C. Procedural Default

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Jones v. United States, 153 F.3d 1305, 1307 (11th Cir. 1998); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). This rule generally applies to all claims, including constitutional claims. See Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) ("Where the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." (internal quotation marks, punctuation, and citations omitted)); see also Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977) (applying cause and prejudice standard to constitutional claims).

Cox did not raise the issue of whether the gun traveled through interstate commerce on direct appeal. As the Eleventh Circuit stated in its opinion in Cox's direct appeal, "the only argument that Cox has made to challenge his conviction in this direct appeal is that his plea of guilty was not knowing and voluntary." (Doc. #27 in Case No. 2:11-cr-295-JHH-HGD). Therefore, under the procedural default rule, Cox is barred from raising this claim in his § 2255 motion.

That being said, however, Cox can avoid a procedural bar by establishing one of the two exception to the procedural default rule. Under the first exception, Cox must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene, 880 F.2d at 1305. In the alternative, under the second exception, the court may allow Cox to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); see also Bousley, 523 U.S. at 622, 118 S.Ct. at 1611.

Neither exception applies in this case. As to the first exception, Cox does not argue any cause for not raising this claim on direct appeal, nor does he argue the

8

existence of actual prejudice as a result. See Bousley, 523 U.S. at 622, 118 S.Ct. at 1611. As to the second exception, Cox cannot show that he is actually innocent of the charge of felon in possession of a firearm. "To establish actual innocence, [Cox] must demonstrate that, in light of all the evidence, 'it is more likely that not that no reasonable juror would have convicted him.'" Id. at 623, 118 S. Ct. 1611 (quoting Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68 (1995). Additionally, "actual innocence means factual innocence, no mere legal sufficiency" and "the Government is not limited to the existing record to rebut any showing that petitioner might make." Bousley, 523 U.S. at 623-24, 118 S.Ct. at 1611-12.

Here, Cox did not make a showing of actual innocence. The evidence shows that although Cox is correct in his contention that the firearm in question was manufactured in Alabama,[2] after manufacture, it was shipped to Interarms in Virginia for distribution and then shipped to Southern Ohio Gun Distributors in Ohio. (See

---

[2] In the Rule 11 hearing, the government incorrectly represented how the particular firearm affected interstate commerce. In particular, the government stated that the firearm "was manufactured outside the state of Alabama." (Doc. #23 at 12-13.) Similarly, the Plea Agreement incorrectly states that "the firearm was not manufactured in Alabama." (Doc. # 13 at 3 in Case No. 2:11-cr-295-JHH-HGD). However, the Interstate Nexus Report signed by ATF Agent Keith E. Jordan clearly establishes that the firearm did travel through interstate commerce after its manufacture. (See Exh. 3 to Doc. # 7; see also Doc. 26 in Case No. 2:11-cr-295-JHH-HGD.) This report establishes the nexus element of the crime. See United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001). Therefore, although an error was made by the Government in the Plea Agreement and Rule 11 hearing, that error is inconsequential here because other evidence establishes the requisite element of the crime.

Exh. 3 to Doc. # 7; see also Doc. 26 in Case No. 2:11-cr-295-JHH-HGD.)  The firearm was then shipped from Ohio to Traders Gun shop in Alabama for sale.  (Id.)  This evidence clearly establishes that the firearm traveled in interstate commerce as required by § 922(g)(1).[3]

In sum, Cox is procedurally barred from raising his claim in his § 2255 motion and neither of the exceptions to the bar apply.  Therefore, his motion fails.

### III.  Conclusion

Because good cause has not been shown why the court should not dismiss this action, the Motion to Dismiss (Doc. # 5) is **GRANTED**.  A separate order will be entered dismissing this action with prejudice. The Clerk is **DIRECTED** to mail a copy of this order to the Movant and the United States Attorney for the Northern District of Alabama.

**DONE** this the __2nd__ day of May, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] This evidence also established that his claim is without merit - the fourth argument made by the government in its Motion to Dismiss.